### Billy PROFFITT, Petitioner

v.

### FEDERAL DEPOSIT INSURANCE CORPORATION, Respondent

### No. 98–1534.

United States Court of Appeals, District of Columbia Circuit.

April 28, 2000.

Before: EDWARDS, Chief Judge, SILBERMAN, WILLIAMS, GINSBURG, SENTELLE, HENDERSON, RANDOLPH, ROGERS, TATEL, and GARLAND, Circuit Judges.

Circuit Judges SILBERMAN, STEPHEN F. WILLIAMS, and SENTELLE would grant the petition for rehearing en banc.

A statement of Circuit Judge SILBERMAN dissenting from the denial of rehearing en banc, in which Circuit Judges STEPHEN F. WILLIAMS and SENTELLE join, is attached.

### *O R D E R*

PER CURIAM.

Petitioner's Petition for Rehearing *En Banc* and the response thereto have been

circulated to the full court. The taking of a vote was requested. Thereafter, a majority of the judges of the court in regular active service did not vote in favor of the petition. Upon consideration of the foregoing, it is

**ORDERED** that the petition be denied.

SILBERMAN, Circuit Judge, with whom STEPHEN F. WILLIAMS and SENTELLE, Circuit Judges, join, dissenting from the denial of rehearing en banc:

I believe that this case merits *en banc* consideration, since it concerns the proper application of the important and oft-used provision under which the bank regulatory agencies bring enforcement actions against individuals in the banking industry. For the reasons set forth in my dissent, *see Proffitt v. FDIC*, 200 F.3d 855, 865 (D.C.Cir.2000) (Silberman, J., dissenting), I think that the panel majority's construction is incorrect and gives those agencies virtually unlimited discretion as to when they initiate proceedings. The majority opinion therefore has the curious result of formally extending our holding in *Johnson v. SEC*, 87 F.3d 484 (D.C.Cir.1996) to bank regulatory agency enforcement actions, but doing so in a manner that nullifies *Johnson*'s effect.

On reflection, I think that my dissent should have responded more fully to the majority's claim that my reading of section 8(e) would fail to give effect to all of the provision's language.[1] Section 8(e) states that a regulatory agency may bring an enforcement action against a banker if, among other things, the depository institution "has suffered or will probably suffer financial loss or other damage." 12 U.S.C. § 1818(e)(1)(B)(i). Reasoning that an institution always "will probably suffer" financial loss before it suffers actual financial loss, the majority asserts that the pro-

vision's language permitting an enforcement action where there is probable *or actual* loss indicates Congress' intent to create separate "has suffered" and "will probably suffer" causes of action, each with its own limitations period. *See Proffitt*, 200 F.3d at 863–64. Otherwise, it is argued, the "has suffered" language is superfluous.

I think this analysis—based on the notion that actual loss is included within the concept of probable loss—is wholly artificial. One does not normally use the phrase "will probably suffer" a loss with the intention of incorporating the concept of an actual loss. No one talks or writes like that—certainly not a legislative draftsman. Take for example those provisions in the Sentencing Guidelines that impose an increased sentence in the event that the offense causes "death or serious bodily injury." *See, e.g.,* U.S.S.G. § 2D1.1(a)(1). Of course, a person who has been killed has also suffered serious bodily injury, and thus the word "death" is in a metaphysical sense a "superfluous" term. But we would not be inclined to afford special temporal meaning to this modest overlap—to the contrary, it would seem odd if the word "death" were *not* separately mentioned.

Even if one thought that the term "will probably suffer" a loss necessarily includes an actual loss and is therefore redundant, a bit of redundancy is common not only in everyday speech but in legislation where the draftsman has an understandable desire to, as Macbeth put it, "make assurance double sure." *See, e.g., Shook v. D.C. Fin. Responsibility and Management Assistance Auth.,* 132 F.3d 775, 782 (D.C.Cir. 1998); *United States v. Microsoft,* 147 F.3d 935, 959 (D.C.Cir.1998) (Wald, J., concurring in part and dissenting in part). This textual canon is a most slender thread upon which to hang so dubious a construction of section 8(e).

---

1. Nor were Proffitt's briefs terribly helpful in responding to this argument.